IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KAREN GIDEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00643-O-BP |
| | § | |
| STATE FARM LLOYDS and JON | § | |
| WILLIAM DICESARE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Abate Pending Appraisal (ECF No. 11), filed November 2, 2017. Because Plaintiff did not respond to the Motion, on November 29, 2017, the Court ordered Plaintiff to file a response to Defendant's Motion to Abate Pending Appraisal by December 4, 2017. ECF No. 13. As of today's date, Plaintiff has not filed a response. After reviewing the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Abate Pending Appraisal. ECF No. 11.

**I. BACKGROUND**

Plaintiff Karen Gideon sued Defendants State Farm Lloyds ("State Farm") and Jon William Dicesare ("Dicesare") for breach of contract, Texas Insurance Code violations, and DTPA violations based on an insurance coverage dispute filed in the 141st District Court of Tarrant County, Texas on June 30, 2017. ECF No. 1-5. Plaintiff's Original Petition alleges that State Farm and Dicesare mishandled and underpaid her property damage claims. ECF No. 1-1. State Farm removed the action on August 4, 2017 based on diversity of citizenship jurisdiction. ECF No. 1.

Thereafter, State Farm filed its Motion to Abate Pending Appraisal (ECF No. 11), arguing that, pursuant to the terms of the insurance contract between the parties, this case should be abated until conclusion of the appraisal process. *Id*.

Plaintiff purchased an insurance policy ("the Policy") from State Farm to insure property located at 11200 Boaz Road, Haslet, Texas 76052 ("the Property"). ECF No. 1-5. The Policy's Appraisal section states, in pertinent part,

> **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises in located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

ECF No. 11 at 2.

On or about November 16-17, 2015, Plaintiff claims that a "catastrophic tornadic storm" caused damage to "the roof and other property." ECF No. 1-5. In her Original Petition, Plaintiff states that State Farm adjusters, including Dicesare, denied her property damage claims. *Id.* On July 27, 2016, Plaintiff states that she hired a public adjuster who confirmed that the Property's roof was damaged due to tornado activity. *Id.* On September 11, 2017, State Farm made written demand for appraisal under the terms of the Policy. ECF No. 12-A.

## II. LEGAL STANDARDS

There is no specific federal statute or rule which expressly authorizes a motion to abate. *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (citation omitted). Thus, "[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004)) (citing 28 U.S.C. § 2105).

"Interpretation of insurance contracts in Texas is governed by the same rules as interpretation of other contracts." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). The Court will consider the entire instrument so that none of the provisions will be rendered meaningless. *R & P Enters. v. LaGuarta, Garvel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980). "When a contract is unambiguous [the Court] will enforce it as written." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000) (citing *Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). But if a contract is ambiguous—that is, if it is reasonably susceptible to conflicting interpretations—the ambiguity is "construed against the drafter." *Liberty Surplus Ins. Corp. v. Exxon Mobil Corp.*, 483 S.W.3d 96, 101 (Tex. App.—Houston 2015) (citing *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990)). In an insurance policy, this means that "an ambiguous policy is construed against the insurer." *Id.*

## III. ANALYSIS

Appraisals are "intended to take place before suit is filed; [the Texas Supreme] Court and others have held it is a condition precedent to suit." *Guthrie v. State Farms Lloyds*, No. EP-15-CV-307-PRM, 2015 WL 13134989, at *2 (W.D. Tex. Dec. 17, 2015) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009)). Under Texas law, an insured's failure to comply with

a condition precedent constitutes grounds for abating the suit. *See State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App—Beaumont, 1989, no writ); *see also Woodward v. Liberty Mutual Ins. Co.*, No. CIV.A. 3:09-CV-0228-G, 2010 WL 1186323, at *4, *6 (N.D. Tex. Mar. 26, 2010) (abating the lawsuit until the completion of the appraisal).

An insurer may compel an insured to submit to the appraisal process under the contractually agreed-upon policy's appraisal provision. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (finding that an insurer and insured were contractually required to use an appraisal to set the value regarding the amount of loss). The Court "must presume that parties to a contract intend every contractual provision to have some meaning." *Atl. Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 219 (Tex. App.—Houston 2004, pet. ref'd) (finding that the appraisal provision requires the parties to obtain an appraisal before filing suit, and thus the parties must adhere to the unambiguous terms of the appraisal provision).

Courts have enforced "Appraisal" clauses as "'clear and unambiguous' in entitling the insurer 'to have the appraisal procedure followed and the underlying suit abated until the completion of that procedure.'" *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (quoting *Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011)) (internal citations omitted); *see also James v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-1998, 2011 WL 4067880, at *3 (S.D. Tex. Sept. 12, 2011) ("Abatement of the entire case pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice."). A policy generally includes appraisal provisions to provide for a "potential resolution of the…dispute, such that the value of proceeding further in the litigation process will only be evident after the completion of the appraisal process." *Torres v. State Farm Lloyds*, No. CIV.A. 7-14-CV-421, 2015

WL 12942070, at *1 (S.D. Tex. Feb. 3, 2015) (finding that if the Court were to continue to proceed with the case, it would "ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues."). State Farm argues that staying the proceedings pending the appraisal process may moot and resolve all of Plaintiff's claims, as the appraisal process may yield in payment of an appraisal award that would foreclose Plaintiff's extra-contractual claims. ECF No. 11 at 4; *see Losciale v. State Farm Lloyds*, No. CIV.A. 4-17-0016, 2017 WL 3008642, at *3 (S.D. Tex. July 14, 2017) (finding that the insured's extra-contractual claims lacked merit given State Farm's full and timely payment of the appraisal award—even though State Farm offered the amount after the start of litigation). Accordingly, State Farm's Motion to Abate should be granted.

## IV. CONCLUSION

For the foregoing reasons, and in light of the fact that Plaintiff did not file a response to the Motion, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Abate Pending Appraisal (ECF No. 11) and abate this case until the parties complete the appraisal process provided for in the insurance policy. The parties should be ordered to file a joint status report every sixty (60) days informing the Court of the status of the completion of these requirements.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 12, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE