IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KAREN GIDEON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: |
| § | 4:17-cv-00643-O-OP |
| STATE FARM LLOYDS AND JON § | |
| WILLIAM DICESARE, § | |
| § | |
| Defendants. § | |

## DEFENDANT STATE FARM LLOYDS'
## FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant State Farm Lloyds ("Defendant" or "State Farm") files this First Amended Answer to Plaintiff's Original Petition and for support thereof would respectfully show the Court as follows:

### I.   ADMISSIONS & DENIALS

1.    Defendant denies that Plaintiff is entitled to the relief sought in the introductory paragraph of Plaintiff's Original Petition.

### PARTIES

2.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1 of Plaintiff's Original Petition.

3.    Defendant admits that it is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code and that, as such, it was engaging in the business of insurance in Texas. Defendant also admits that it was served with process as described in paragraph 2 of Plaintiff's Original Petition.

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 3 of Plaintiff's Original Petition.

## DISCOVERY CONTROL PLAN

5. Paragraph 4 of Plaintiff's Original Petition warrants no response. To the extent paragraph 4 is found to warrant a response, Defendant denies the allegations in this paragraph.

## CLAIM FOR RELIEF

6. Defendant admits that the amount in controversy is within the jurisdictional limits of this court but denies the remaining allegations in paragraph 5 of Plaintiff's Original Petition.

## JURISDICTION AND VENUE

7. Defendant admits that the amount in controversy is within the jurisdictional limits of this court but denies the remaining allegations in paragraph 6 of Plaintiff's Original Petition.

8. Defendant admits that the alleged loss occurred in Tarrant County as set forth in paragraph 7 of Plaintiff's Original Petition.

## FACTUAL BACKGROUND

9. Defendant admits that Plaintiff is a named insured under State Farm policy 58-20-8866-6 but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 8 of Plaintiff's Original Petition.

10. Defendant admits that it assigned the claim made the basis of this lawsuit number 43-7N01-096. Defendant denies that Plaintiff first reported the claim to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 9 of Plaintiff's Original Petition.

11. Defendant denies the allegations in paragraph 10 of Plaintiff's Original Petition.

12. Defendant denies the allegations in paragraph 11 of Plaintiff's Original Petition.

13. Defendant denies that it informed Mr. Freeman there was a denial of Plaintiff's claim due to cosmetic damage to the metal roof but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 12 of Plaintiff's Original Petition.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13 of Plaintiff's Original Petition.

15. Defendant denies the allegations in paragraph 14 of Plaintiff's Original Petition.

16. Defendant denies the allegations in paragraph 15 of Plaintiff's Original Petition.

17. Defendant denies the allegations in paragraph 16 of Plaintiff's Original Petition.

18. Defendant denies the allegations in paragraph 17 of Plaintiff's Original Petition.

## CAUSES OF ACTION

19. Paragraph 18 of Plaintiff's Original Petition warrants no response.

### Breach of Contract (State Farm Only)

20. Defendant admits it had a contract of insurance with Plaintiff but denies the remaining allegations in paragraph 19 of Plaintiff's Original Petition.

### Prompt Payment of Claims Statute (State Farm Only)

21. Defendant denies the allegations in paragraph 20 of Plaintiff's Original Petition.

22. Defendant denies the allegations in paragraph 21 of Plaintiff's Original Petition.

### Bad Faith/DTPA (State Farm and Dicesare)

23. Defendant admits the allegations in paragraph 22 of Plaintiff's Original Petition.

24. Defendant denies the allegations in paragraph 23 of Plaintiff's Original Petition.

25. Defendant denies the allegations in paragraph 24 of Plaintiff's Original Petition.

26. Defendant denies the allegations in paragraph 25 of Plaintiff's Original Petition.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 26 of Plaintiff's Original Petition.

28. Defendant denies the allegations in paragraph 27 of Plaintiff's Original Petition.

29. Defendant denies the allegations in paragraph 28 of Plaintiff's Original Petition.

### Attorneys' Fees

30. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 29 of Plaintiff's Original Petition.

31. Defendant denies the allegations in paragraph 30 of Plaintiff's Original Petition.

32. Defendant denies the allegations in paragraph 31 of Plaintiff's Original Petition.

### CONDITIONS PRECEDENT

33. Defendant denies the allegations in paragraph 32 of Plaintiff's Original Petition.

### DISCOVERY REQUESTS

34. Paragraph 33 of Plaintiff's Original Petition warrants no response.

35. Paragraph 34 of Plaintiff's Original Petition warrants no response.

### PRAYER

36. Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer of Plaintiff's Original Petition.

### II.   DEFENSES

37. **Estoppel.** Plaintiff's breach of contract claim is barred by State Farm's payment of the appraisal award. Plaintiff is estopped from contesting whether State Farm complied with the insurance contract and is estopped from contesting actual damages under the insurance contract based on State Farm's payment of the appraisal award.

38. **Payment of Award Bars Extra-Contractual Claims.** Because the amount of loss has been determined by appraisal and timely paid, Plaintiff has not sustained any damages that could allow her to maintain any extra-contractual cause of action. Specifically, Plaintiff is not entitled to any additional policy benefits and she has not alleged any facts that would give rise to an independent injury claim. Further, liability under Texas Insurance Code Chapter 541 incorporates the common law bad faith standard for breach of duty of good faith and fair dealing.

39. **Timely Investigation.** Plaintiff's claims under Chapter 542 of the Texas Insurance Code are barred as a matter of law by State Farm's timely payment of the appraisal award. There is no Chapter 542 violation when an insured submits to the delay inherent in the contractual appraisal process and pays the award determined by that process.

40. **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits. State Farm paid Plaintiff's Coverage A claim as dictated under the Policy's loss settlement provision. The Policy, through the FE-3533 Homeowners Policy Endorsement, provides in relevant part:

**SECTION I – LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following:

> a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:
>
> > (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the

        **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

(2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed…

\*   \*   \*   \*   \*

b.    Wood Fences. We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

Upon issuance of the appraisal award in this matter, State Farm properly and timely issued payment to Plaintiff for the full the actual cash value of the appraisal award. Plaintiff has yet to provide notification to State Farm that repairs to her property are complete, nor has she requested the replacement cost benefits available to her under the State Farm policy, provided documentation of repairs to her property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits. Thus, Plaintiff's claims fail due to Plaintiff's failure to meet a condition precedent to recovery of replacement cost benefits.

41.    **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss during the policy period beyond those damages already paid by State Farm under the policy.

DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION   PAGE 6
95763674.1
216849-565556

42. **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

43. **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code, DTPA, or any other statutory or common law authority.

44. **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

### III.   RELIEF REQUESTED

Defendants State Farm Lloyds prays that Plaintiff take nothing and that State Farm Lloyds recover costs, fees, and expenses, and for such other further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully Submitted,

*/s/ Scott P. Brinkerhoff*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
neil.rambin@dbr.com
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 357-2500
(469) 327-0860 (Fax)

OF COUNSEL:

SCOTT P. BRINKERHOFF
State Bar No. 24069419
scott.brinkerhoff@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 357-2500
(469) 327-0860 (Fax)
**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that on December 4, 2018, the foregoing was filed on all counsel of record via the CM/ECF system.

/s/ *Scott P. Brinkerhoff*
Scott P. Brinkerhoff